UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., | No. 2:18-cv-02420-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

**I.   Introduction**

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is plaintiff's motion to stay pending interlocutory appeal. (ECF No. 25.) On July 26, 2019, the court on its own motion submitted plaintiff's motion to stay and vacated the July 31, 2019 hearing date under Local Rule 230(g). (ECF No. 30.)

**II.   Background**

On February 7, 2019, the undersigned entered findings and recommendations recommending dismissal of plaintiff's claims against all defendants except his § 1983, California Bane Act, and battery claims against defendant Ken Lloyd (Claims 5, 6, and 10, respectively). (ECF No. 20.) On May 31, 2019, District Judge Troy L. Nunley adopted the findings and recommendations and dismissed with prejudice the claims in this action as to all defendants

except Claims 5, 6, and 10 against Lloyd. (ECF No. 23.) Lloyd was ordered to answer the remaining claims. (Id.) On June 18, 2019, plaintiff filed a notice of interlocutory appeal. (ECF No. 26.) Plaintiff also filed the instant motion to stay pending resolution of appeal. (ECF No. 25.) Defendants did not file an opposition to plaintiff's motion to stay.

### III.     Plaintiff's Motion to Stay

A stay is "not a matter of right" but "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). Under Nken, the party requesting a stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433–34. Courts consider the following factors when deciding a motion to stay: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of a stay will substantially injure the other person interested in the proceeding, and (4) where the public interest lies. Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "There is substantial overlap between these and the factors governing preliminary injunctions." Id. (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008)).

Here, plaintiff argues in his motion that this matter should be stayed "pending resolution of the appeal of the previous [eight] defendants." (ECF No. 25 at 4.) Plaintiff cites to cases involving, among other things, a stay pending resolution of a separate arbitration where the court found it would be efficient to enter a stay pending resolution of contract claims that would be of valuable assistance in resolving the claims that remained before the court. (Id. (citing Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857 (1979).) Plaintiff argues that the court's resources will be preserved, and a stay will reduce the risk of inconsistent rulings that might need to be disentangled. (ECF No. 25 at 4–5.)

Regarding the factors relevant to a stay, plaintiff has made no showing that his appeal is likely to succeed on the merits. Nor has plaintiff established any of the remaining factors weigh in favor of granting a motion to stay, including whether plaintiff will be irreparably injured absent

2

a stay and where the public interest lies. Plaintiff also failed to show how the Ninth Circuit's ruling on his appeal of a motion to dismiss order will affect further litigation of the remaining claims against Lloyd. This is not a case where, for example, resolution of plaintiff's appeal will significantly narrow the issues that will affect the scope of discovery and motion practice.

Plaintiff has also not established that the order granting the motion to dismiss in part is an appealable order. See 28 U.S.C. § 1291 (granting jurisdiction generally to the circuit courts only over "final decisions" of the district courts); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 869–72 (9th Cir. 2004) (noting that dismissal is appealable if it adjudicates all matters and is the court's final act in suit that leaves nothing for the court to do but execute the judgment); Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 987 (9th Cir. 2009) (explaining that the Ninth Circuit has "jurisdiction under 28 U.S.C. § 1291 from a final judgment that disposes of all claims with respect to all parties"); Long v. United States, 972 F.2d 1174, 1178 n.5 (10th Cir. 1992) ("Finality does not attach to an order that dismisses some but not all defendants in an action." (citing Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1370 n.2 (10th Cir. 1979); 15A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3914.7, at 549–51)).

For these reasons, the court finds no reason to stay the case pending plaintiff's attempt to appeal the order granting defendants' motion to dismiss in part.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to stay (ECF No. 25) is DENIED.

Dated: July 30, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 alston2420.mts

3