UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., | No. 2:18-cv-02420-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| COUNTY OF SACRAMENTO, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

**I.     Introduction**

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Currently before the court is plaintiff's motion for leave to file a first amended complaint ("FAC"). (ECF Nos. 33, 34.) The court deemed this matter suitable for decision without oral argument under Local Rule 230(g). Having considered the motion, opposition, and reply papers, and the record in this matter, the court recommends denying the motion.

**II.    Background**

On February 7, 2019, the undersigned entered findings and recommendations recommending dismissal of plaintiff's claims against all defendants except his § 1983, California Bane Act, and battery claims against defendant Ken Lloyd (Claims 5, 6, and 10, respectively) ("Lloyd Claims"). (ECF No. 20.) On May 31, 2019, District Judge Troy L. Nunley adopted the

1

findings and recommendations and dismissed with prejudice the claims in this action as to all defendants except Claims 5, 6, and 10 against Lloyd. (ECF No. 23.) Lloyd was ordered to answer the remaining claims, id., which answer was filed on July 25, 2019. (ECF No. 29.) Plaintiff did not file a motion for reconsideration of the court's May 31, 2019 order. On August 12, 2019, plaintiff filed the instant motion for leave to file a first amended complaint. (ECF Nos. 33, 34.)

### III. Plaintiff's Motion and Proposed First Amended Complaint

According to plaintiff, the FAC would add a new defendant, Jessie Espejo, in his official and individual capacities. (ECF No. 33 at 1–2.) Jessie Espejo would be "added" "to the claims of deliberate indifference, Negligence and Due Process." (Id. at 2.) Plaintiff also vaguely claims that the proposed FAC "adds more detail as this court has stated the previous complaint was vague in some areas, and additional factual allegations relating to Plaintiffs [sic] previously asserted claims and Doe defendants." (Id.) Further, plaintiff claims that "[t]he adding of Defendant Jessie Espejo in the claim is based on new information that Plaintiff has learned since the filing of its original complaint." (Id.)

As noted above, the court dismissed plaintiff's claims against all defendants with prejudice—except the Lloyd Claims. (ECF Nos. 20, 23.) Plaintiff acknowledges that the court dismissed all but one defendant but argues that "not once did the court state the complaint was futile to amend or any reason for not allowing of an amended complaint, thus Accordingly, Plaintiff seeks an order permitting Plaintiff to file the proposed Amended Complaint." (ECF No. 33 at 2.)

Plaintiff attempts to add far more to the FAC than purely adding defendant Jessie Espejo to three claims. In fact, the majority of plaintiff's proposed amendments focus on the claims that were previously dismissed with prejudice. In that regard, the following is a summary of the proposed changes plaintiff moves to include in a FAC:

- Paragraph 10 now includes, "Defendant Jones is being sued in his official and individual capacities." (Compare ECF No. 1 at ¶ 10, with ECF No. 34 at ¶ 10.)
- Paragraph 15 of the proposed FAC adds information regarding new defendant Jessie

2

| | | |
|---|---|---|
| 1 | | Espejo. (See ECF No. 34 at ¶ 15.) |
| 2 | - | Paragraph 20 now includes, "Defendant Iniguez has failed to look up previous domestic violence to stop it from happening further." (Compare ECF No. 1 at ¶ 19, with ECF No. 34 at ¶ 20.) |
| 5 | - | Paragraph 24 removed, "words and action . . . supplied by the defendants," and replaced it with, "but each time defendants refused to listen what [sic] I had to say, simply just the female." (Compare ECF No. 1 at ¶ 23, with ECF No. 34 at ¶ 24.) |
| 8 | - | Paragraph 25 removed, "At this point . . . of his employment." (Compare ECF No. 1 at ¶ 24, with ECF No. 34 at ¶ 25.) |
| 10 | - | Paragraph 27 was modified to remove and add allegations, including adding an allegation that Jessie Espejo denied plaintiff his "orthopedic Appliance after [plaintiff] told him of [plaintiff] needing it" and of plaintiff's alleged knee ailments. (Compare ECF No. 1 at ¶ 27, with ECF No. 34 at ¶ 27.) |
| 14 | - | Paragraph 28 now includes "defendant Rivera along with Does" at line 7. (Compare ECF No. 1 at ¶ 28, with ECF No. 34 at ¶ 28.) |
| 16 | - | Paragraph 29 in the original complaint is not included in the proposed FAC. |
| 17 | - | Paragraph 32 now includes "caused constitutional injuries" at line 20. (Compare ECF No. 1 at ¶ 33, with ECF No. 34 at ¶ 32.) |
| 19 | - | The following last sentence was removed from Paragraph 32: "Lastly, Defendant Iniguez is liable for all causes of actions because without his failure to protect, none of the damages suffered herein would have occurred." (Compare ECF No. 1 at ¶ 33, with ECF No. 34 at ¶ 32.) |
| 23 | - | The following was added to Paragraph 34: "The objective here was intent gender discrimination by the County and their employees to adversely disregard any statement I made as solely listen [sic] to the other gender being that of a female." (Compare ECF No. 1 at ¶ 35, with ECF No. 34 at ¶ 34.) |
| 27 | - | Defendants Jones, Iniguez, and Buehler were removed from the second claim, and Jess Espejo was added to the second claim. Plaintiff also made a number of substantive |

| | |
|---|---|
| 1 | changes to claim two, including allegations that defendant Ball and Jessie Espejo did not |
| 2 | allow plaintiff his Knee Brace against his liberty.  (Compare ECF No. 1 at 16, with ECF |
| 3 | No. 34 at 14–15.) |

- Plaintiff modified the allegations in his third claim.  (Compare ECF No. 1 at ¶ 43, with ECF No. 34 at ¶ 44.)

- Plaintiff appears to have combined his fourth and fifth claims into claim four in the proposed FAC, which includes further modifications to the allegations.  (Compare ECF No. 1 at 17–19, with ECF No. 34 at 16–17.)

- Plaintiff removed defendants Iniguez and Milligan from his unreasonable seizure/excessive force claim and made similar modifications to the allegations.  (Compare ECF No. 1 at ¶¶ 53–57, with ECF No. 34 at ¶¶ 50–54.)

- Plaintiff removed defendants County of Sacramento, Jones, Buehler, and Iniguez from his deliberate indifference claim, and added Jessie Espejo.  Plaintiff made similar modifications to the allegations.  (Compare ECF No. 1 at ¶¶ 58–61, with ECF No. 34 at 55–58.)

- Plaintiff removed defendants Ball, Madriago, Iniguez, Riviera, and Jones from his Americans with Disabilities Act claim, and added the following to Paragraph 61: "I am qualified to participate in simple enjoyment of service and programs provided in the jail. Plaintiff was excluded/ and discriminated against programs and services from participation by County of Sacramento due/ and to reason of disability" and "by discrimination and reason of disability."  (Compare ECF No. 1 at ¶¶ 62–65, with ECF No. 34 at ¶¶ 59–62.)

- Plaintiff removed defendants Jones, Buehler, Riviera, Milligan, and Iniguez from his California Unruh Act claim, and made modifications to the allegations therein.  (Compare ECF No. 1 at ¶¶ 66–68, with ECF No. 34 at ¶¶ 63–65.)

- Plaintiff removed defendants County of Sacramento and Milligan from his state law battery claim, and removed the last paragraph regarding the County of Sacramento. (Compare ECF No. 1 at ¶¶ 69–72, with ECF No. 34 at ¶¶ 66–68.)

|   |   |
|---|---|
| 1 | - Plaintiff eliminated the eleventh cause of action for entity liability for failure to adequately |
| 2 | train and supervise from the original complaint. (See ECF No. 1 at ¶¶ 73–75.) |
| 3 | - Plaintiff made significant modifications to the allegations in his negligence claim, |
| 4 | including adding allegations that defendant County of Sacramento "has mandatory |
| 5 | liability pursuant to Govt. Code 815.6 to look up previous domestic violence abuse . . . ." |
| 6 | Plaintiff also added allegations specific to defendants Jones, Buehler, Milligan, Iniguez, |
| 7 | Ball, Madriago, and Riviera. (Compare ECF No. 1 at ¶¶ 76–78, with ECF No. 34 at |
| 8 | ¶¶ 69–79.) |
| 9 | - Finally, plaintiff added a separate heading for professional negligence/medical |
| 10 | malpractice against Jessie Espejo. (See ECF No. 34 at ¶¶ 80–84.) However, the court |
| 11 | will not consider this as a separate claim because plaintiff clarifies in his motion that he |
| 12 | seeks to add Jessie Espejo to his existing negligence claim. (ECF No. 33 at 1–2 (stating |
| 13 | that Jessie Espejo would be "added" "to the claims of deliberate indifference, Negligence |
| 14 | and Due Process.").) Jessie Espejo is also added to the Prayer for Relief at paragraph 2. |
| 15 | (ECF No. 34 at 23.) |

**IV.    Plaintiff's Proposed First Amended Complaint As to All Defendants and Claims Previously Dismissed With Prejudice is Improper**

    **A.    Plaintiff Cannot Amend Claims That Were Dismissed With Prejudice**

Although plaintiff argues the court did not "state the complaint was futile to amend or any reason for not allowing of [sic] an amended complaint," ECF No. 33 at 2, a dismissal for failure to state a claim under Rule 12(b)(6) bars further litigation on the particular claim pleaded unless leave to amend is granted or the dismissal is made "without prejudice" to refiling. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (explaining that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (citing Angel v. Bullington, 330 U.S. 183, 190 (1947); Bell v. Hood, 327 U.S. 678 (1946))); see also Allen v. U.S. Bank Nat. Ass'n, No. CV F 13-1527 LJO SMS, 2013 WL 5970401, at *1 (E.D. Cal. Nov. 8, 2013) (citing Cannon v. Loyola Univ. of Chicago, 784 F.2d 777, 780 (7th Cir. 1986)).

Here, the court dismissed the claims in this action as to all defendants "with prejudice" except as to the Lloyd Claims. (ECF Nos. 20, 23.) In other words, the court did not grant plaintiff leave to amend as to any of the defendants or claims dismissed in the complaint. Plaintiff's motion to amend the complaint as to all prior defendants and claims previously dismissed with prejudice is improper and should therefore be denied. Accord, Bever v. CitiMortgage, Inc., No. 1:11-CV-01584-AWI, 2014 WL 1577250, at *11 (E.D. Cal. Apr. 18, 2014), aff'd, 708 F. App'x 341 (9th Cir. 2017) (holding that, considering the plaintiff's claim "was previously dismissed with prejudice, Plaintiff may not attempt to amend the complaint to reassert the claim based on facts already known, or that should have been known to him at the inception of this suit or at the time the complaint was amended in 2012").

**B.     Even Construing the Motion to Amend as a Motion for Reconsideration, the Motion Should be Denied**

Even if the court were to construe plaintiff's motion to amend as a motion for reconsideration of the court's May 31, 2019 order dismissing plaintiff's claims with prejudice, the motion should be denied.

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." Id. (internal quotation marks and citation omitted).

Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the

time the substance of the order which is objected to was considered. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also U.S. v. Alexander, 106 F.3d 874, 876–77 (9th Cir. 1997) (stating that "[t]he law of the case doctrine ordinarily precludes reconsideration of a previously decided issue" and that failure to apply the doctrine constitutes an abuse of discretion).

Here, plaintiff did not make the requisite showing of any new or different facts that did not exist before he filed the motion, that the court committed clear error, and/or of an intervening change in the controlling law. Plaintiff's only ground for amending the claims that were already dismissed with prejudice is that the court did not "state the complaint was futile to amend or any reason for not allowing of [sic] an amended complaint." (ECF No. 33 at 2.) As noted above, however, dismissing the claims "with prejudice" is an unequivocal ruling that any amendment is futile. Thus, even construing the motion as a motion for reconsideration, the motion should be denied.

The court now turns to plaintiff's proposed amendments as to Jessie Espejo.

**V.    Analysis of Plaintiff's Motion to Amend the Complaint as to Jessie Espejo**

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows amendment of pleadings with leave of court "when justice so requires." Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman factors commonly considered are: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. Id. The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining Foman factors, a presumption in favor of granting leave to amend exists under Rule 15(a). Id. Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Finally, amendments seeking to add claims are granted more freely than amendments seeking to add new parties. Union Pac. R. v. Nev. Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

### A. Undue Delay and Bad Faith

Plaintiff's proposed amended complaint is predicated on facts that were or should have been known to plaintiff when his complaint was filed in September 2018. As a result, plaintiff has unduly delayed in setting forth his new claims and adding a new party.

"A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it 'knew or should have known' that amendment was called for." Johnson v. Hewlett–Packard Co., 809 F. Supp. 2d 1114, 1120 (N.D. Cal. 2011) (quoting AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006)); see also Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (explaining that "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading"). A party's undue delay and failure to explain the reasons for delay weigh against leave to amend under Rule 15. Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (citing Foman, 371 U.S. at 182); see also Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay" (citations omitted)). "While delay alone does not justify denial of leave to amend, late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (quotations and citations omitted).

Plaintiff vaguely argues that it is appropriate to add Jessie Espejo as a defendant because there is new information plaintiff "has learned since the filing of its [sic] original complaint."

(ECF No. 33 at 2.) However, plaintiff fails to identify the alleged "new" evidence or the source(s) of new evidence. Plaintiff also fails to establish that the new facts alleged could not have been known to him at an earlier time, and equally fails to provide any explanation for his delay in asserting new allegations against a new defendant. Indeed, the allegations are simply a re-tooling of theories relating to facts known or that should have been known to plaintiff when he initiated suit in September 2018. See Burns v. Cty. of King, 883 F.2d 819, 823 (9th Cir. 1989) (denying leave to amend when plaintiff "knew of the roles played by the two" parties he sought to add for two years and "offered no excuse for failing to include these parties in the original complaint or in his subsequent amendments").[1]

Plaintiff's attempt to state facts or theories that were known or should have been known demonstrates undue delay and bad faith, which weigh against permitting amendment.

### B. Prior Amendments

Plaintiff has not previously amended the complaint. However, relevant to the instant motion, the court has found that plaintiff's original complaint failed to state a claim as to the same claims he now attempts to make against Jessie Espejo. (ECF Nos. 20, 23.)

### C. Undue Prejudice to Defendant

Prejudice to the opposing party carries the greatest weight. Eminence Capital, 316 F.3d at 1052. Defendants are correct that additional discovery may be necessary if Jessie Espejo is added as a defendant and that he may not recall the alleged 2017 interaction with plaintiff. (ECF No. 36

---

[1] Plaintiff also argued, for the first time in his reply brief, that he is permitted to add Jessie Espejo as a defendant because he named Does 1 through 20 as defendants in his complaint. (ECF No. 37 at 3.) The only reference to Jessie Espejo as a Doe defendant in the motion is made in the notice and introduction section. (ECF No. 33 at 1–2 (stating only that plaintiff seeks to add "Defendant 'Doe' Jessie Espejo").) No argument regarding substituting Doe defendants was made in either plaintiff's motion or defendants' opposition. It was not until plaintiff's reply brief that he chose to articulate his Doe defendant argument. Consideration of this argument would be unfair to defendants who did not have the advantage of briefing the issue. State of Nev. v. Watkins, 914 F.2d 1545, 1559–60 (9th Cir. 1990) (explaining the general rule that parties cannot raise a new issue for the first time in a reply brief (citing United States v. Birtle, 792 F.2d 846, 848 (9th Cir. 1986))). This argument is therefore disregarded because new matters should not be raised in the reply brief. See, e.g., Stewart v. Wachowski, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2014) (explaining that "[c]ourts decline to consider arguments that are raised for the first time in reply")).

at 5.) Adding to this prejudice is the fact that defendants have already defended against the same claims in a motion to dismiss—considering the claims plaintiff seeks to add against Jessie Espejo are largely a restatement of claims that have previously been dismissed with prejudice. The addition of a new defendant would therefore create prejudice for defendants and Jessie Espejo.

D. **Futility of Amendment – Attempt to Restate Claims Previously Dismissed With Prejudice**

"The party opposing amendment bears the burden of showing . . . futility of amendment." Eminence Capital, 316 F.3d at 1052. If a proposed amendment is legally insufficient it would be futile to grant leave to amend. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

The proposed amendments to the complaint are not tenable under Rule 15(a). The newly proposed claims are either insufficiently pled or involve theories that have already been considered by the court and dismissed with prejudice and without leave to amend. Notwithstanding that plaintiff's due process, deliberate indifference to serious medical needs, and negligence claims were dismissed with prejudice as insufficiently pled as to all defendants, plaintiff seeks to reassert these claims against a new defendant, Jessie Espejo. Plaintiff's proposed amendments again fail to state a claim.

The gravamen of plaintiff's allegations in his proposed first amended complaint remain unchanged. Regarding Jessie Espejo, plaintiff only alleges that he denied plaintiff his orthopedic appliance (ECF No. 34 at ¶¶ 27, 40, 81) and acted indifferently towards plaintiff (id. at ¶ 56)— allegations and theories the court has already considered and found failed to state a claim under Rule 12(b)(6). The court will repeat its findings here as to the three claims to which plaintiff seeks to add Jessie Espejo.

In Claim 2, plaintiff seeks to add the following allegation regarding Jessie Espejo:

> 40. Defendant Espejo didn't not [sic] allow me to have my Knee Brace against my Liberty and Right Pursuant to Penal Code §2656
>
> Failure to abide by this state law without process in violation of my rights protected by the Fourteenth Amendment of the United States Constitution( Procedural Due Process)

10

(ECF No. 34 at ¶ 40.) In Claim 6 (Claim 7 in the operative complaint), plaintiff also complains that he was denied a knee brace. However, plaintiff does not seek to add any allegations specific to Jessie Espejo, instead including a general reference to "Defendants" and alleging they "were told of permanent issues and given instructions for care, yet they acted indifferently towards the plaintiff" in paragraph 56. (ECF No. 34 at ¶ 56.) As previously explained in the court's findings and recommendations,

> In Claim 7, plaintiff asserts that defendants were deliberately indifferent to his serious medical needs by ignoring his requests for orthopedic appliances such as a knee brace, orthopedic insoles, and wrist brace. ([ECF No. 16] ¶ 59.) Plaintiff contends that county employees should have known of his need for these items from a prior lawsuit in which plaintiff received a settlement. (Id.)
>
> Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id. . . . Here, the complaint does not specify how any defendant was deliberately indifferent to plaintiff's serious medical needs under [the applicable] standard. Plaintiff was examined and given a wrist brace at Kaiser hospital prior to being taken to jail, transported to jail in a wheelchair, searched upon arrival at the jail, and seen by jail medical staff within several hours of being booked. (ECF No. 1, ¶¶ 26-27.) See Cal. Penal Code § 2656(b) (if inmate's orthopedic appliance is removed for security reasons, inmate "shall be examined by a physician within 24 hours after such removal").

(ECF No. 20 at 8–9.) This same finding applies to plaintiff's attempt to add Jessie Espejo as a defendant to near-identical allegations the court already found failed to state a claim upon which relief can be granted. To the extent plaintiff moves to amend Claim 2 and Claim 6 to add Jessie Espejo because he allegedly denied plaintiff a knee brace, such amendment would be futile for the same reasons articulated in the court's findings and recommendations. This is especially so considering plaintiff does little to bolster his previous allegations and the court already found that plaintiff failed to specify how any defendant was deliberately indifferent to plaintiff's serious medical needs.[2] The addition of one sentence to paragraph 56 does not change this analysis.

---

[2] Regarding plaintiff's citation to California Penal Code § 2656, it was cited in the court's findings and recommendations to illustrate that an inmate shall be examined within 24 hours after

Finally, plaintiff moves to add Jessie Espejo to Claim 10 (Claim 12 in the operative complaint). Regarding Jessie Espejo, plaintiff attempts to add the following allegations:

> 81. The acts and or omissions of Jessie Espejo of not allowing me to have my orthopedic appliance and denying it along with the access to a wheelchair is within his skill. Penal code §2656 allowed appliance, as the records that where [sic] signed over by plaintiff in 2012-2013 indicate Plaintiffs Orthopedic doctor Amy Black built plaintiff a custom build Knee brace. Also he is under duty to give me equal access as a disabled person. the County of Sacramento receives financial assistance from the State of California as part of Realignment Legislation California Government Code §30025, 30026, and 30029, and through other statues and funding mechanisms, Defendant Espejo is under duty to give disabled people accommodations, and give me equal access to the jail which did not happen as he took a wheelchair from me thus leaving me unable to access services as a disabled man with permanent knee and foot issues, see Government code §11135.
>
> . . .
>
> 83. Defendant Espejo is liable pursuant to 42 U.S.C. section 1983 and Government Code §820.

(ECF No. 34 at ¶¶ 81, 83.) Notwithstanding these additions, the court's prior findings remain applicable to plaintiff's proposed Claim 10:

> Plaintiff alleges in conclusory terms that defendants breached their duty of care in transporting him to the jail, using force against him, not letting him use the phone, *and not giving him his orthopedic appliances*. Plaintiff does not allege the elements of negligence against any defendant, and his allegations are too vague and conclusory to state a claim.

(ECF No. 20 at 12.) For the same reasons articulated in the court's prior findings and recommendations, the amendments plaintiff seeks are futile.

Moreover, to the extent plaintiff's proposed first amended complaint rests on new legal theories against a new defendant (id. at ¶¶ 80–84), plaintiff has not established the underlying facts were not known to him or could not have been known to him when he filed the action. Because these proposed claims were previously dismissed with prejudice, plaintiff may not

---

such removal, which is precisely what the court found occurred. (ECF No. 20 at 9 (finding that plaintiff was "seen by jail medical staff within several hours of being booked").) Thus, to the extent plaintiff moves to amend Claim 6 because he was not examined within 24 hours, such amendment would be futile.

attempt to amend the complaint to reassert the claims based on facts already known, or that should have been known to him at the inception of this suit in September 2018.

In sum, consideration of the five factors discussed above weighs against granting plaintiff leave to amend his complaint.

**VI.  Conclusion**

The October 24, 2019 findings and recommendations (ECF No. 40) are hereby VACATED.[3]

For the reasons discussed above, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF No. 33) be DENIED.

Further, IT IS HEREBY ORDERED that a Status (Pretrial Scheduling) Conference is set for December 4, 2019 at 10:00 a.m. in courtroom no. 24 before the undersigned.  All parties shall appear by counsel or in person if acting without counsel.  The parties shall comply with the September 4, 2018 Order Setting Status Conference (ECF No. 4) regarding status reports.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 30, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 alston2420.mta

---

[3] The only difference between this and the vacated order and findings and recommendations is the inclusion of the last paragraph outlining the procedure for filing written objections to findings and recommendations.

13