UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | No. 2:18-cv-02420-TLN-CKD PS <br><br><br> ORDER |

**I.     Introduction**

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff's motion for sanctions (ECF No. 47) came on regularly for hearing on January 15, 2020. Plaintiff appeared in pro per and Jill Nathan appeared on behalf of defendants. Having considered the motion, opposition, and reply papers, and the record in this matter, the court will deny the motion.

**II.    Relevant Procedural History**

On September 4, 2018, plaintiff filed his complaint. He alleged, among other things, that upon arrival at Kaiser, officials took him "to the emergency room in a stretcher" and he was seen by a treating physician who gave him a wrist brace and ibuprofen. (ECF No. 1 at ¶ 26.) Plaintiff further alleges that after arriving at the jail, "Defendant Ball takes off my Wrist Brace and never gives it back." (Id. at ¶ 27.)

On October 17, 2018, defendants filed their motion to dismiss and offered the following argument supporting a legitimate reason the wrist brace could have been taken as contraband:

> [P]ersonal items brought from outside the jail are contraband items and subject to seizure by officials. "The government has a strong interest in preventing contraband from entering its prisons and jails, and in the jail intake process, [courts] have recognized that 'adherence to the arrant-and-probable cause requirement would be impracticable.'" United States v. Fowlkes, 804 F.3d 954, 961 (9th Cir. 2015) (citing Friedman v. Boucher, 580 F.3d 847 (9th Cir. 2009). Regardless of Plaintiff's prior health concerns, these do not eliminate the government's strong interest in controlling the introduction of contraband in jail for the safety and security of the institution.

(ECF No. 15.) In their reply, defendants also argue that plaintiff "was provided a wrist brace by a physician at Kaiser prior to being transported to the jail and booked." (ECF No. 18 at 4 (emphasis omitted).)

On February 7, 2019, the court issued findings and recommendations on the motion to dismiss, which were later adopted on May 31, 2019. The court found:

> Plaintiff was examined and given a wrist brace at Kaiser hospital prior to being taken to jail, transported to jail in a wheelchair, searched upon arrival at the jail, and seen by jail medical staff within several hours of being booked. (ECF No. 1, ¶¶ 26-27.) See Cal. Penal Code § 2656(b) (if inmate's orthopedic appliance is removed for security reasons, inmate "shall be examined by a physician within 24 hours after such removal").

(ECF No. 20 at 9; see also ECF No. 23.)[1]

### III. Plaintiff's Motion for Sanctions

#### A. Plaintiff's Position

Plaintiff brings this motion under FRCP 11(b). Plaintiff states that "Defendants were served a 21-day notice on November 22nd, 2019 and change to their meritless motion to dismiss thus plaintiff is correct in this motion for sanctions." (ECF No. 47 at 2.)

Plaintiff complains that defendants' motion to dismiss did not take everything in the complaint as true and was "contaminated with nothing but falsehoods." (ECF No. 47 at 2–3.)

---

[1] The court notes again that it cited California Penal Code § 2656 "to illustrate that an inmate shall be examined within 24 hours after such removal, which is precisely what the court found occurred" given the allegations in plaintiff's complaint. (ECF No. 41 at 11 n.2.)

According to plaintiff, defendants' argument regarding controlling the introduction of contraband in the jail was wrong because he "was never examined by the physician." (ECF No. 47 at 3.) Plaintiff states that in addition to never having been examined by a physician, he never said in his complaint that his wrist brace was taken during a search. (ECF No. 47 at 3.)

Plaintiff further states that documents produced in discovery support that there was no "documentation for them taking my wrist brace to prevent contraband in the jail, thus [it] was all a lie and this court took their word over mine[] which goes against the sources of authority." (ECF No. 47 at 4–5.)

Plaintiff concludes that, "due to the court only taking the Defendants lies and frivolous claims as true, I won't be able to get to the Ninth Circuit of Appeals for at least 17 months from now, and the plaintiff has worked over 1000 hours on this case in the year since this case was filed back in 2018." (ECF No. 47 at 5.)

Plaintiff supports his motion with discovery responses from a separate California state court case. (ECF No. 47 at Exs. B–C.) No request for judicial notice was included.[2]

Plaintiff is seeking $150,000 in sanctions. He calculates this number based on usual lawyer rates of $250–$500 per hour and applying what he believes is a reasonable rate of $150 per hour. (ECF No. 47 at 2.)

**B.    Defendants' Position**

Defendants challenge whether plaintiff satisfied the requirements of Rule 11 by serving his request well after defendants filed their motion to dismiss. In that regard, defendants argue that "[p]laintiff's alleged 21 day notice was meaningless, here, as there was nothing requested by Alston which could be remedied by Defendants or counsel." (ECF No. 48 at 6.) This argument is based on the fact that the motion to dismiss was filed in October 2018, ruled on in May 2019, and plaintiff did not demand a modification until November 2019—over a year after the motion was filed. (See ECF Nos. 15, 23, 47.)

---

[2] Even so, judicial notice of the requested documents is unnecessary for this order given the motion for sanctions is procedurally deficient. See Asvesta v. Petroutsas, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

3

Turning to the merits of the motion for sanctions, defendants argue that the court's order does not rely on defendants' argument about a jail entitled to take contraband, and that the court "expressly acknowledges Plaintiff's allegations that Deputy Ball took away Alston's wrist brace at the jail." (ECF No. 48 at 5.) Further, defendants argue that "no new factual assertions were contained in" their motion. (Id. at 4.)

Addressing plaintiff's position that defendant's argument somehow lied about whether plaintiff's wrist brace was taken and under what circumstances, defendants point out that the two instances "are not mutually exclusive" and "[i]t can be true that jail officials can have a strong interest in controlling contraband items brought to the jail, while also simultaneously true that" plaintiff did not allege his wrist brace was taken during a search. (Id. at 5.)

Finally, defendants request an award of attorney's fees under Rule 11(c)(2). (Id. at 7.)

### IV. Legal Standard

"Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence." Washington v. Young, No. 2:16-cv-1341 JAM DB P, 2019 WL 950252, at *2 (E.D. Cal. Feb. 27, 2019). A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Tr. v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

Rule 11 places "stringent notice and filing requirements on parties seeking sanctions" and contains a "safe harbor" provision that is strictly enforced. Holgate v. Baldwin, 425 F.3d 671, 677–78 (9th Cir. 2005). In order to comply with Rule 11's "safe harbor" provision, Plaintiff was required to serve his Rule 11 motion for sanctions on the Defendants with a demand for retraction of the allegedly offending motion, and then to allow Defendants at least twenty-one days to retract the pleading before filing his Rule 11 motion with the Court. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788–89 (9th Cir. 2001).

///

## V. Analysis

The procedural requirements of Rule 11(c)(1)(A)'s "safe harbor" provision are mandatory. Radcliffe, 254 F.3d at 789 (citing Barber v. Miller, 146 F.3d 707, 710–11 (9th Cir. 1998)). The purpose of this provision is to provide a type of "safe harbor" in that a party will not be subject to sanctions unless, within 21 days after service of the motion for sanctions, it refused to withdraw the offending paper and thereby escape sanctions. Barber, 146 F.3d at 710 (reversing award of Rule 11 sanctions where the motion for sanctions was served and filed after the challenged pleading had already been dismissed, thereby depriving plaintiff of the opportunity to withdraw the pleading and escape sanctions pursuant to the Rule's safe harbor protection).

Here, plaintiff did not serve his motion for sanctions until well after defendants' motion to dismiss was ruled upon. Thus, defendants were not given the opportunity to respond to plaintiff's motion by withdrawing the challenged arguments, thereby protecting themselves totally from sanctions pursuant to that motion. "An award of sanctions cannot be upheld under those circumstances." Barber, 146 F.3d at 710 (citations omitted); see also Holgate v. Baldwin, 425 f.3d 671, 677–78 (9th Cir. 2005) (explaining that the Ninth Circuit enforces Rule 11's safe harbor provision "strictly" (citing Radcliffe, 254 F.3d at 788–89; Barber, 46 F.3d at 710–11)).

Regarding defendants' request for attorneys' fees under Rule 11(c)(2), in light of plaintiff's pro per status, the court finds that an award of attorneys' fees is not appropriate at this time.

## VI. Conclusion

For these reasons, IT IS HEREBY ORDERED that plaintiff's motion for sanctions and request for attorney's fees (ECF No. 47) is DENIED.

IT IS FURTHER ORDERED that defendants' request for reasonable attorneys' fees and costs incurred in opposing plaintiff's Rule 11 sanctions motion is DENIED.

Dated: January 17, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 alston2420.mfs

5