UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | No. 2:18-cv-02420-TLN-CKD PS <br><br><br> FINDINGS & RECOMMENDATIONS |

**I.     Introduction**

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On December 10, 2019, the undersigned issued a scheduling order, setting pretrial deadlines in 2020 and trial before the District Judge in April 2021. (ECF No. 46.) Currently before the court is plaintiff's second motion for leave to file an amended complaint ("SAC"), filed on January 21, 2020. (ECF No. 52.) The court deemed this matter suitable for decision without oral argument under Local Rule 230(g). (ECF No. 53.) Having considered the motion, opposition, and reply papers, and the record in this matter, the court recommends denying the motion.

**II.    Background**

This action proceeds on the original complaint filed September 4, 2018. (ECF No. 1.) All of plaintiff's original claims have been dismissed with prejudice except three claims against

1

defendant Lloyd, who filed an answer in July 2019.  (ECF Nos. 20, 23, 29.)  Plaintiff's claims stem from an overnight detention at the Sacramento Main Jail on November 21, 2017.  (ECF No. 1.)  Plaintiff's first request for leave to amend the complaint, to add an additional claim against R.N. Espejo for alleged denial of a knee brace, was denied, and the undersigned subsequently issued a scheduling order in this action.  (ECF Nos. 33, 41, 45, 46.)

After receiving discovery responses in this action, including video, plaintiff now seeks leave to amend his complaint to add five additional deputies at the Sacramento Main Jail as defendants.  (ECF No. 52 at 2-3.)  In his motion to amend plaintiff asserts that he "gave the defendants my property which included my shoe for my left foot" and that one of his shoes was lost during the intake process.  (Id. at 3.)  Plaintiff asserts that defendants "forced me to stand without my walking boot while verbally harassing me," and that R.N. Espejo, named again as a defendant, "refused . . . to conduct a Tuberculosis test" during the intake process at the jail.  (Id. at 4.)  In the body of the proposed SAC, plaintiff alleges that the five new defendants mishandled his property, took away his walking boot, and verbally harassed him on November 21, 2017.  (SAC, ¶ 27.)  The proposed SAC further alleges that defendant Espejo failed to do a tuberculosis test during the intake process on that date.  (Id.)

In his reply in support of the motion, plaintiff asserts that he learned the facts underlying the new allegations in discovery, and that he "intended to sue all defendants in the Intake area." (ECF No. 55 at 1-2.)

**III.  Legal Standard**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (alteration in original).  This good cause standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party "was not diligent, the inquiry should end."  Id.

"A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it 'knew or should have known' that amendment was called for." Johnson v. Hewlett–Packard Co., 809 F. Supp. 2d 1114, 1120 (N.D. Cal. 2011) (quoting AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006)); see also Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (explaining that "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading"). A party's undue delay and failure to explain the reasons for delay weigh against leave to amend under Rule 15. Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (citing Foman, 371 U.S. at 182); see also Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay" (citations omitted)). "While delay alone does not justify denial of leave to amend, late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (quotations and citations omitted).

**IV. Analysis**

The scheduling order in this action states: "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Fed. R. Civ. P. 16; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992)." (ECF No. 46 at 2.)

Here, plaintiff has not shown good cause for asserting frivolous claims against a bevy of new defendants, all based on actions that should have been known to him when he filed the original complaint. As discussed in the previous findings and recommendations on proposed amendment: "Plaintiff's attempt to state facts or theories that were known or should have been known demonstrates undue delay and bad faith, which weigh against permitting amendment." (ECF No. 41 at 9.) Nor has plaintiff shown good cause for asserting a new, frivolous claim against defendant Espejo after his previous attempt to add this defendant was rejected.

| | |
|---|---|
| 1 | The court has expended significant judicial resources on this action, winnowing it down to |
| 2 | three cognizable claims against one defendant and setting a schedule for pretrial motions and trial. |
| 3 | The mere fact that plaintiff learned the names of the Sacramento Jail's November 21, 2017 intake |
| 4 | staff in discovery does not warrant a new round of amendment, especially when plaintiff fails to |
| 5 | state a cognizable claim against any of the new defendants in the proposed amended complaint. |
| 6 | For the reasons discussed above, IT IS HEREBY RECOMMENDED that plaintiff's |
| 7 | motion to amend (ECF No. 52) be DENIED. |
| 8 | These findings and recommendations are submitted to the United States District Judge |
| 9 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days |
| 10 | after being served with these findings and recommendations, plaintiff may file written objections |
| 11 | with the court and serve a copy on all parties.  Such a document should be captioned "Objections |
| 12 | to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file |
| 13 | objections within the specified time may waive the right to appeal the District Court's order. |
| 14 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 15 | Dated:  March 4, 2020 |

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 alston2420.mta2

4