UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | No. 2:18-cv-02420-TLN-CKD PS <br><br><br> ORDER |

Before the court is plaintiff Eric Alston, Jr.'s motion for sanctions against defendant Ken Lloyd. (ECF No. 64.) Defendant filed an opposition, (ECF No. 65), and plaintiff filed a reply. (ECF No. 66.) Pursuant to Local Rule 230(g), the court ordered that the matter be submitted on the papers. (ECF No. 67.) For the reasons below, the court denies plaintiff's motion.

**I.   BACKGROUND**

Plaintiff filed this suit against the City of Sacramento, Sheriff Scott Jones, and other city officials for injuries he allegedly sustained while being arrested for a domestic violence incident. Plaintiff allegedly fell and hurt his knee while being loaded into the patrol car. (ECF No. 1 ¶ 24.) He was taken to the hospital, and after he was treated, the deputies took him to jail. Plaintiff alleges that upon arriving at the jail, Deputy Ken Lloyd "choke slam[med him] out of [his] wheelchair while [he was] handcuffed onto the ground." (Id. ¶ 27.) The next day, while still at the jail, plaintiff allegedly fell again. (Id. ¶ 30.) The deputies provided plaintiff with a

wheelchair, and he posted bail that afternoon. (Id. ¶ 30-31.) Two days later, doctors determined that plaintiff had suffered a concussion. (Id. ¶ 31.) All criminal charges against plaintiff were eventually dropped.

On May 30, 2019, the district court fully adopted the undersigned's recommendation to dismiss all claims against all defendants, except for three claims against Deputy Lloyd: (1) a claim for excessive force under 42 U.S.C. section 1983, (2) a claim under California's Bane Act, and (3) a battery claim. (ECF No. 20.)

On December 10, 2019, the undersigned issued a pretrial scheduling order which provided that all discovery must be "completed" by June 19, 2020. (ECF No. 46 at 2.) As defined in the order, "[t]he word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." (Id.)

On June 11, 2020, defense counsel Jill Nathan deposed plaintiff remotely via teleconference. Plaintiff refused to answer questions on the grounds that defense counsel was inquiring about matters irrelevant to the claims against Deputy Lloyd. The deposition lasted less than an hour, and largely consisted of objections and argument regarding the relevance of defense counsel's questioning.

On July 13, 2020, plaintiff filed the present motion for sanctions against defense counsel. Plaintiff contends that defense counsel badgered and harassed him during the deposition by repeatedly asking questions that pertained to dismissed claims and parties. Plaintiff asks the court to sanction defense counsel in the amount of $50,000. Defendant responds that plaintiff's motion is frivolous and asks the court to sanction plaintiff in the amount of $2,000 for the costs and attorney's fees incurred in responding to plaintiff's motion. The court discusses the parties' arguments below.

**II.  DISCUSSION**

Both plaintiff and defendant ask this court to impose monetary sanctions on the other party. Plaintiff asserts two legal bases to support his sanction request. First, he argues that

defense counsel violated this court's dismissal order by asking questions about dismissed claims and parties during plaintiff's deposition, thereby committing civil contempt under 18 U.S.C. section 401 and Federal Rule of Civil Procedure 70. Second, plaintiff argues that defense counsel's line of questioning impeded the deposition, warranting sanctions under Federal Rule of Civil Procedure 30(d)(2).

Defendant also requests sanctions against plaintiff in his opposition. Defendant argues that plaintiff's sanction motion is frivolous and misrepresentative, and thus the court should award defendant the attorney's fees incurred responding to the motion, as permitted by 28 U.S.C. section 1927. As discussed below, the court declines to sanction either party.

**A.       Plaintiff has not shown that sanctions against defendant are warranted.**

Plaintiff contends that sanctions are warranted for contempt of court under 18 U.S.C. section 401 and Federal Rule of Civil Procedure 70, and for impeding a deposition under Federal Rule of Civil Procedure 30(d)(2).

i.       <u>Defense counsel did not commit civil contempt.</u>

Courts have statutory authority to punish both civil and criminal contempt pursuant to 18 U.S.C. section 401.[1] "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." <u>Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y</u>, 774 F.3d 935, 945 (9th Cir. 2014). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." <u>Id.</u>

Plaintiff argues that defense counsel committed civil contempt by disobeying the district court's order granting defendant's motion to dismiss. On May 30, 2019, the district court signed an order dismissing all claims against all defendants, except three of plaintiff's claims against

---

[1] Plaintiff also seeks to impose sanctions pursuant to Federal Rule of Civil Procedure 70. But that rule concerns the enforcement of judgments: it permits a court to hold a party in contempt for disobeying judgment requiring specific performance, such the conveyance of land. Fed. R. Civ. P. 70. The court has not entered any judgment against defendant Lloyd in this case, and thus Rule 70 cannot support plaintiff's sanctions request.

defendant Ken Lloyd. Plaintiff argues that during his deposition on June 11, 2020, defense counsel inquired about matters irrelevant to the three remaining claims against Lloyd, and thus she violated the district court's dismissal order. For example, defense counsel asked whether plaintiff was wearing a walking boot on his right foot at the time of his arrest. Plaintiff refused to answer this question because he believed it was irrelevant to Deputy Lloyd and the "choke slam" incident.[2]  (ECF No. 64 at 8.)

Upon reviewing the submitted deposition excerpts, the undersigned finds that defense counsel did not fail to comply with the district court's May 30, 2019 order. That order gave two directives: (1) plaintiff's claims were dismissed with prejudice as to all defendants, except as to defendant Lloyd; and (2) defendant Lloyd was ordered to answer plaintiff's section 1983, Bane Act, and battery claims no later than sixty days from the date of the order. (ECF No. 23.) Defendant complied with the order by timely answering plaintiff's three claims on July 25, 2019. (ECF No. 29.) Neither the May 30, 2019 order, nor any other order issued in this case, limited the scope of defendant's questioning during his deposition of plaintiff. Even assuming that defense counsel's questions were irrelevant to the claims against Lloyd, asking irrelevant questions cannot constitute contempt absent a specific and direct order proscribing such conduct. Thus, plaintiff's contempt argument fails.

        ii.    <u>Defense counsel's deposition questions did not impede, delay, or frustrate the fair examination of plaintiff.</u>

Plaintiff also argues that sanctions are appropriate under Federal Rule of Civil Procedure 30. Rule 30 authorizes courts to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Argumentative objections, suggestive objections, and improper refusals to answer questions are examples of

---

[2] Defense counsel attempted to explain that her questions were intended develop the foundation for plaintiff's allegations in the complaint, and that they were relevant to plaintiff's $10,000,000 damages request. Plaintiff, however, maintained his refusal to answer.

conduct that impede, delay, or frustrate the fair examination of the deponent. See Security Nat'l Bank v. Jones Day, 800 F.3d 936, 942 (8th Cir. 2015).

The submitted deposition excerpts show that defense counsel did not impede, delay, or frustrate the deposition. To the contrary, defense counsel appears to have asked reasonable questions and to have maintained professionalism, while attempting to explain to plaintiff the relevance of her line of questioning. Plaintiff, on the other hand, appears to have been obstreperous through his numerous speaking objections and improper refusals to answer. Because defense counsel's conduct did not impede, delay, or frustrate the deposition, the undersigned denies plaintiff's request for sanctions under Rule 30 as well.

**B.      The court declines to sanction plaintiff under Rule 30 or 28 U.S.C. § 1927.**

In its opposition to plaintiff's motion for sanctions, defendant Lloyd requests counter-sanctions against plaintiff for "unreasonable and vexatious conduct, and for reckless misstatements of law and fact." (ECF No. 65 at 7.) Defendant argues that plaintiff's deposition conduct is sanctionable under Rule 30(d)(2). Defendant also argues that sanctions are appropriate under 28 U.S.C. section 1927, which authorizes a court to hold a party who unreasonably and vexatiously multiplies proceedings in a case liable for the other party's excess attorney's fees reasonably incurred as a result of the unnecessary proceedings. 28 U.S.C. § 1927; see also Wages v. Internal Revenue Serv., 915 F.2d 1230 (9th Cir. 1990) (holding that pro se litigants may be sanctioned under section 1927).

To support his argument that sanctions are warranted under Rule 30, defendant avers that plaintiff objected more than twenty times during a one-hour deposition. Defendant avers that nearly all of plaintiff's objections were for relevance, and that plaintiff repeatedly refused to answer questions that he deemed irrelevant to the claims against Deputy Lloyd.[3] Defendant notes that plaintiff's refusals were improper, because a deponent may refuse to answer questions only to

---

[3] Defendant notes that a deponent may refuse to answer questions only "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)," which allows a party to move to terminate a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent. Fed. R. Civ. P. 30(d).

preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).[4]  Fed. R. Civ. P. 30(d).  Thus, defendant contends that it was plaintiff—not defense counsel—who impeded, delayed, or frustrated the deposition.

In addition, defendant contends that plaintiff's motion for sanctions is "reckless" and potentially made in bad faith, warranting sanctions under section 1927.  Defendant argues that plaintiff: (1) filed the motion for sanctions one month after discovery closed and all disputes related to discovery were to have been presented to the court and resolved; (2) recklessly mischaracterized the court's dismissal order as a protective order limiting the scope of discovery; and (3) provided no legal support for the imposition of punitive sanctions against defense counsel.  In short, defendant argues that plaintiff's frivolous motion caused an unreasonable multiplication of proceedings, causing defendant to incur unnecessary attorney's fees in the amount of $2,000, which should be paid by plaintiff.

Although the court does not approve of plaintiff's obstructive deposition conduct, and although the court finds that plaintiff's motion for sanctions is meritless, the undersigned declines to sanction plaintiff at this time.  As a pro se litigant, plaintiff is afforded leniency with regard to his knowledge of the law.  Plaintiff is nevertheless cautioned that his objections and refusals to answer—as shown by the deposition transcripts—were improper and disruptive.  Similar disruptive behavior in the future may result in monetary or terminating sanctions, as appropriate.

### III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 64) is DENIED; and
2. Defendant's request for sanctions against plaintiff is DENIED.

Dated:  September 14, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.2420.sanc

---

[4] Rule 30(d)(3) allows a party to move to terminate a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent."