UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., | No. 2:18-cv-02420-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO, et al, | |
| Defendants. | |

This matter is before the Court on Plaintiff Eric Anthony Alston, Jr.'s ("Plaintiff") Motion to Vacate Judgment under Federal Rule of Civil Procedure ("Rule") 60(b), which the Court construes as a Motion for Reconsideration pursuant to Rule 59(e). (ECF No. 80.) Defendants filed an Opposition. (ECF No. 81.) For the reasons set forth below, Plaintiff's motion is DENIED.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, initiated this civil action on September 4, 2018.  (ECF No. 1.) The original Complaint asserted claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law against the County of Sacramento, Sheriff Scott Jones, Captain Eric Buehler, Sergeant Connor Milligan, and Deputies Iniguez, Ball, Lloyd, Madriago, Trummel, and Riviera (collectively, "Defendants").  (*Id.*; *see also* ECF No. 20 at 1–2.)  On October 17, 2018, Defendants filed a Motion to Dismiss.  (ECF No. 15.)  The magistrate judge recommended dismissing all claims and Defendants except for Plaintiff's claims against Defendant Lloyd ("Defendant") for excessive force, violations of the Bane Act, and battery.  (ECF No. 20.)  On May 31, 2019, the Court adopted the Findings and Recommendations in full.  (ECF No. 23.) Plaintiff filed an interlocutory appeal against the dismissals.  (ECF No. 24.)  On August 1, 2019, the Ninth Circuit dismissed the appeal for lack of jurisdiction.  (ECF No. 32.)

Thereafter, Defendant moved for summary judgment against each of Plaintiff's claims. (ECF No. 69.)  Plaintiff opposed the motion and filed objections to Defendant's evidence and Statement of Undisputed Material Facts.  (ECF No. 72.)  Defendant filed a Reply to the Opposition and responded to Plaintiff's evidentiary objections.  (ECF No. 75.)  On November 19, 2020, the magistrate judge issued Findings and Recommendations to grant the Motion for Summary Judgment in its entirety.  (ECF No. 76.)  Plaintiff filed objections to the Findings and Recommendations.  (ECF No. 77.)  On December 15, 2020, the Court adopted the Findings and Recommendations in full, dismissed this action with prejudice, and entered Judgment.  (ECF Nos. 78–79.)

On December 17, 2020, Plaintiff filed the instant Motion to Vacate, which the Court construes as a Motion for Reconsideration pursuant to Rule 59(e).  (ECF No. 80.)  On January 7, 2021, Defendants filed an Opposition to Plaintiff's motion.  (ECF No. 81.)

### II. STANDARD OF LAW

The Court may grant reconsideration under either Rule 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).

2

Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp. (Ironworks)*, 248 F.3d 892, 898–99 (9th Cir. 2001)). Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Id.*

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* at 1255 n.1. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal quotations omitted).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

///

### III. ANALYSIS

Plaintiff seeks reconsideration under Rule 60(b) due to "fraud[,] judicial estoppel, [] newly found evidence of an unconstitutional policy . . . [and the Court's] oversight of claims." (ECF No. 80 at 1.) The Court addresses each argument in turn.

As an initial matter, the Court notes Plaintiff's Motion was filed two days after entry of Judgment and is therefore construed as a Motion for Reconsideration under Rule 59(e). (*See* ECF Nos. 79–80); *Rishor*, 822 F.3d at 490; *Ironworks*, 248 F.3d at 898–99. Regardless, Plaintiff fails to advance any argument that establishes he is entitled to the extraordinary relief of reconsideration for the reasons discussed herein.

#### A. No New Evidence, Law, or Circumstances

Most importantly, the Court notes Plaintiff's arguments do not constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4). Rather, Plaintiff is impermissibly re-asserting arguments that he previously made (or could have made) prior to this Court's entry of Judgment. (*See, e.g.*, ECF Nos. 16, 21, 52); *Marlyn*, 571 F.3d at 880.

For example, Plaintiff's "newly found evidence of an unconstitutional policy" (*see* ECF No. 80 at 1, 4–6) is not new. The "Policy" Plaintiff loosely refers to[1] appears to be based on comments made to Plaintiff by Deputy Iniguez (a named Defendant who was dismissed pursuant to the Court's May 31, 2019 Order) when he refused to arrest Plaintiff's ex-wife for domestic violence after responding to a potential domestic violence call the day before the incident that is the subject of Plaintiff's lawsuit. (*See* ECF No. 80 at 4.) Thus, this information was clearly available to Plaintiff at the time he initiated this lawsuit. (*See also* ECF No. 1.) Plaintiff does not identify any other purportedly "new" evidence. (*See generally* ECF No. 80.) Furthermore, the instant litigation did not proceed on Plaintiff's purported *Monell* claim because it was dismissed

---

[1] Plaintiff does not specifically articulate the alleged policy with which he takes issue. Indeed, this was the basis for dismissal of Plaintiff's *Monell* claim at the pleading stage of the litigation. (ECF No. 20 at 4–5.) From the context of Plaintiff's argument, the Court infers Plaintiff is possibly attempting to assert in general terms that the Sacramento County Sherriff's Department has a policy to not make an arrest when responding to a report of domestic violence unless the purported victim is visibly injured. (*See* ECF No. 80 at 4–6.)

4

1   at the pleading stage pursuant to Rule 12(b)(6).  (*See* ECF Nos. 20, 23.)  The Court therefore
2   rejects Plaintiff's attempt to re-litigate arguments concerning his failed claim in the instant
3   Motion for Reconsideration.  *Marlyn*, 571 F.3d at 880.
4        Plaintiff's fraud, judicial estoppel, and "oversight of claims" arguments similarly lack
5   different facts or circumstances warranting reconsideration of the Court's dismissal of this action.
6   Plaintiff's fraud claim is based on the contention that Defendants destroyed evidence and
7   misrepresented to Plaintiff during the discovery phase of the litigation that no such evidence
8   existed.  (*See* ECF No. 80 at 6–11.)  This claim is not based on any new evidence, but rather
9   defense counsel's meet and confer letter to Plaintiff dated January 13, 2020, indicating
10  Defendants had previously produced all video footage in their possession and statements made in
11  a nonparty's investigation report submitted in support of Defendants' Motion for Summary
12  Judgment on September 4, 2020.  (ECF No. 69-3 at 4–18; ECF No. 80 at 14; *see also* ECF No. 72
13  at 14–15.)  Plaintiff identifies no later-acquired evidence in support of his claim.  Plaintiff's
14  judicial estoppel argument is similarly premised solely on old information: statements made by
15  Defendants in their briefings at the motion to dismiss and summary judgment stages.  (*See* ECF
16  Nos. 15, 18, 20, 69.)  Finally, Plaintiff's "oversight of claims" argument appears to be premised
17  on nothing other than the Court's May 31, 2019 Order granting Defendants' Motion to Dismiss
18  and dismissing certain claims and Defendants.  (*See* ECF Nos. 15, 20, 23).
19       In sum, Plaintiff does not present any new evidence, circumstances, or change in law in
20  his Motion for Reconsideration.  As such, Plaintiff fails to satisfy the requirements of the Local
21  Rules or demonstrate that the "extraordinary remedy" he seeks is warranted here.  *Allstate Ins.*
22  *Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4).
23              B.      No Manifest Injustice or Clear Error
24       Furthermore, none of Plaintiff's arguments establish the occurrence of "manifest
25  injustice" or "clear error."  *Allstate Ins. Co.*, 634 F.3d at 1111.  Notably, Plaintiff's judicial
26  estoppel argument is without merit.  Apparently suggesting that Judgment was entered in error
27  because the Court should have precluded Defendants' "change in position," Plaintiff simply
28  states, "[t]his is Judicial estoppel."  (ECF No. 80 at 4.)  However, Plaintiff's reliance on the

5

doctrine of judicial estoppel is incorrect and unavailing.  "Judicial estoppel requires that the following elements be met: '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'" *HPS Mechanical, Inc. v. JMR Construction Corp., et al.*, 11–CV–02600–JCS, 2013 WL 5954895, *8 (N.D. Cal. Nov. 6, 2013) (quoting *Jackson v. Cnty. of Los Angeles*, 60 Cal. App. 4th 171, 183 (1997)).  Here, Plaintiff fails to identify any two positions taken by Defendants that were inconsistent.  Moreover, the statements Plaintiff alludes to — statements concerning whether Plaintiff was examined by a doctor prior to the use of force incident (*see* ECF No. 80 at 3–4; *see also* ECF Nos. 15, 18, 75-2) — were not relevant to the Court's dismissal of the action, which was premised on allegations of excessive force.[2]  (*See generally* ECF No. 20.)  Thus, Plaintiff fails to establish any "error of fact or law" based on judicial estoppel grounds.  *Allstate Ins. Co.*, 634 F.3d at 1111.

Plaintiff's "oversight of claims" argument is based on the contention that it was error to dismiss Plaintiff's procedural due process, Unruh Act, and Bane Act claims because the Court failed to identify sufficient legal authority in support of its decision to do so.  (ECF No. 80 at 4.)  This statement is blatantly contradicted by the Findings and Recommendations explicitly detailing the fatal defects of these claims when it recommended dismissal.  (*See* ECF Nos. 20, 78; *see also* ECF Nos. 23, 76 (adopting Findings and Recommendations).)  As such, Plaintiff's "oversight of claims" argument is without merit and does not warrant reconsideration.  *Allstate Ins. Co.*, 634 F.3d at 1111.

Finally, the Court finds Plaintiff's fraud/spoliation of evidence argument lacks merit and is unavailing.  As previously discussed, Plaintiff's fraud/spoliation of evidence argument is premised on the accusation that counsel for Defendants made fraudulent representations to

---

[2] The statements regarding whether Plaintiff was examined by a doctor pertain to Plaintiff's deliberate indifference claim, which the Court dismissed at the pleading stage for failure to state a claim.  (*See* ECF Nos. 20, 23.)

1  Plaintiff during the discovery stage of the litigation.  (*See* ECF No. 80 at 6–11.)  Plaintiff
2  essentially maintains the entry of Judgment should be set aside due to this "discovery fraud."[3]
3  (*See id.*)  However, apart from the fact that this argument constitutes an impermissible attempt to
4  raise an argument that "could reasonably have been raised earlier in the litigation," *Marlyn*, 571
5  F.3d at 880, Plaintiff provides zero legal, factual, or evidentiary support for his contention.
6  Rather, the only supporting "evidence" to which Plaintiff points is a letter from defense counsel
7  indicating all video footage in Defendants' possession was produced to Plaintiff (ECF No. 80 at
8  14) — which this Court has no reason not to take at face value at this time — and Plaintiff's own
9  bald accusations of spoliation and perjury.  (*See generally* ECF No. 80.)  This is not well-taken by
10 the Court.
11      Perhaps most notably, Plaintiff fails to indicate that the video he seeks is relevant to his
12 claims in this action.  Specifically, the video footage that is the subject of Plaintiff's motion
13 depicts the Plaintiff's transport via wheelchair from the police car in the garage area into the jail
14 on the date of the incident.  (ECF No. 80 at 7.)  Yet the use of force incident at issue in this case
15 occurred after Plaintiff had entered the jail and was in the booking area (footage which
16 Defendants did produce to Plaintiff).  (*See, e.g.*, ECF No. 69-1 at 6–11; ECF No. 69-3 at 4–18.)
17 As such, even if Plaintiff's spoliation claim were deemed meritorious, reconsideration is not
18 warranted because the footage Plaintiff seeks is not pertinent to his claims or the Court's ruling.
19 *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880–81 (9th Cir. 2000) (affirming
20 denial of Rule 60(b)(3) motion where the defendants failed to establish by clear and convincing

---

[3] Plaintiff additionally appears to seek an award of $6.7 million against Defendants as "spoliation sanctions" for the purported fraud.  (ECF No. 80 at 1, 11 (citing *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1243–45 (9th Cir. 2016) (awarding attorneys' fees as sanctions for showing of bad faith failure to produce relevant discovery); *Harmon v. City of Santa Clara*, 323 F.R.D. 617 (N.D. Cal. 2018) (awarding limited sanctions for violation of court protective order)).)  Notwithstanding the fact that neither of the cases cited by Plaintiff are applicable to his instant argument, having determined Plaintiff's spoliation argument is without merit, the Court declines to further address Plaintiff's claim for sanctions.  Nevertheless, the Court additionally notes Plaintiff's reliance on *Haeger* is misplaced because the Supreme Court subsequently reversed and remanded the case with respect to the discovery sanctions issue.  *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (sanctions must be compensatory rather than punitive, absent satisfaction of the much more stringent "beyond a reasonable doubt" standard of proof of the party's misconduct).

evidence that the fraudulent conduct complained of prevented them from fully and fairly presenting their defense and that the judgment was "unfairly procured"); *see also In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987) (Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."). In sum, Plaintiff fails to demonstrate any errors of fact or "manifest injustice" warranting reconsideration. *Allstate Ins. Co.*, 634 F.3d at 1111.

**IV.   CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion for Reconsideration (ECF No. 80) is hereby DENIED.

IT IS SO ORDERED.

DATED: February 5, 2021

Troy L. Nunley
United States District Judge