UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | 2:18-cv-02420-TLN-CKD (PS) <br><br><br> ORDER AND <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, Eric Anthony Alston, Jr., proceeds pro se under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Plaintiff has filed a motion to amend the complaint. (ECF No. 94.) Pursuant to Local Rule 230(g), the undersigned takes the motion under submission on the record and briefs on file. The hearing noticed for June 14, 2023, is vacated. For the reasons set forth below, the undersigned recommends the motion be granted in part, and plaintiff be granted 30 days to file a first amended complaint adding a claim under the Fourth Amendment for unreasonable seizure/excessive force against defendant Ball, claims under the Fourteenth Amendment for failure to protect against Ball and Madriago, and claims under the Bane Act[1] against defendants Ball, Madriago, and the County of Sacramento.

---

[1] See Cal. Civ. Code § 52.1.

1

### I. Background

Plaintiff was arrested on November 21, 2017, after defendants Ball and Madriago were called to plaintiff's house about a domestic incident.[2] (ECF No. 1, ¶¶ 21-22.) When plaintiff went to step into the patrol car, his walking boot got stuck and he fell to the ground. (Id., ¶ 24.) Due to plaintiff's walking boot, he "could not sit in the vehicle in a legal manner" and was not buckled in by a seatbelt while wearing handcuffs in the front. (Id., ¶¶ 24, 26.) While defendants were transporting plaintiff, Ball allegedly braked hard on purpose, causing plaintiff, who was not buckled in, to "continuously" hit his head. (Id., ¶ 26.) Based on these allegations, plaintiff proceeds with negligence claims pleaded in the original complaint against Ball, Madriago, and the County of Sacramento. (See ECF No. 88.)

After plaintiff was booked at the jail, defendant Riviera allegedly attempted to throw plaintiff out of his wheelchair, and then ordered other officers to do so, stating "just make sure he doesn't fall on his head." (ECF No. 1, ¶ 28.) Plaintiff was thrown from his wheelchair. (Id.) Based on these allegations, plaintiff proceeds with excessive force, Bane Act, battery, and negligence claims pleaded in the original complaint against Riviera. (See ECF No. 88.)

Plaintiff filed the original complaint on September 4, 2018, naming as defendants the County of Sacramento and ten individuals, asserting twelve causes of action arising from plaintiff's arrest on November 21, 2017, and subsequent events. (See ECF No. 1.) On May 31, 2019, the court dismissed all of plaintiff's claims with prejudice, for failure to state a claim, except for plaintiff's claims against defendant Lloyd. (ECF No. 23.) On December 12, 2019, the court ordered "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." (ECF No. 46 at 2.) On December 15, 2020, the court granted defendant Lloyd's motion for summary judgment. (ECF No. 78.)

In a memorandum opinion dated March 7, 2023, the Ninth Circuit partially reversed the dismissal of plaintiff's claims and remanded for further proceedings. (ECF No. 88.) Following remand, this case proceeds on plaintiff's claims against defendants County of Sacramento, Ball,

---

[2] All criminal charges were ultimately dismissed. (ECF No. 1, ¶ 32.)

2

and Madriago, for negligence, related to the transport of plaintiff, and against defendant Riviera for excessive force, Bane Act, battery, and negligence, related to Riviera's alleged order to throw plaintiff from the wheelchair. (ECF No. 88.) The Ninth Circuit held in the memorandum opinion dated March 7, 2023, that this court had not abused its discretion in denying two prior motions by plaintiff seeking to amend the complaint. (ECF No. 88 at 8.)

In the motion to amend presently before the court, plaintiff seeks to add the following new claims:

- Violation of Procedural Due Process under the Fourteenth Amendment against defendants Pahl, Mattison, Bates, Clark and Panasyuk based on the taking of plaintiff's property without providing a receipt (ECF No. 93 at ¶¶ 29-32.)
- Unreasonable Seizure/Excessive Force under the Fourth Amendment against Ball and Madriago (Id., ¶¶ 33-36.)
- Violation of Bane Act against County of Sacramento, Ball, Madriago, Riviera, Pahl, Mattison, Bates, Clark, Panasyuk, and Espejo (Id., ¶¶ 37-40.)
- Deliberate indifference to Serious Medical Needs against Ball, Madriago, Pahl, Mattison, Bates, Clark, Panasyuk, and Espejo (Id., ¶¶ 41-44.)
- Americans with Disabilities Act ("ADA") against the County of Sacramento (Id., ¶¶ 45-48.)

Defendants oppose the motion to amend the complaint, arguing plaintiff has not shown good cause to amend because the new facts or theories should have been known to plaintiff prior to the cutoff date in the court's scheduling order for amendments. (ECF No. 95 at 3.) Defendants argue the motion lacks merit, as new claims at this point are likely barred by the applicable statutes of limitations and by a failure to timely present the necessary government claims. (Id. at 3-4.) Defendants note the court previously denied a motion to amend the complaint to add R.N. Espejo and five additional deputies. (Id. at 4.) Defendants argue the renewed request is frivolous, is filed in bad faith, and will cause undue delay. (Id. at 4.)

Plaintiff argues in reply that he is allowed an amendment as a matter of right under Federal Rule of Civil Procedure, Rule 15(a), because no responsive pleading has been served.

(ECF No. 98 at 1.) Plaintiff appears to assert he complied with the California Tort Claims Act for the state-law claims he seeks to add. (See id. at 2.) Plaintiff also appears to assert the new claims against the Doe defendants would relate back and not be untimely with tolling of the statute of limitations. (Id. at 2.)

## II.     Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, a party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

When a party may not amend as a matter of course, it "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman factors commonly considered are: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. Id. Undue delay alone, without a contemporaneous specific finding of prejudice, bad faith, or futility, is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Absent prejudice, or a strong showing of any of the remaining Foman factors, a presumption in favor of granting leave to amend exists under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Separately, under Rule 16(b), "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Following remand, amendment of pleadings cannot be inconsistent with the appellate court's mandate. See Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1337 (9th Cir. 1984) (citing Quern v. Jordan, 440 U.S. 332, 347 n. 18 (1979)). The general rule that leave to amend should be freely granted does not extend without limit when a motion to amend is brought after a claim has been fully litigated on the merits through appeal. See Matter of Beverly Hills Bancorp, 752 F.2d at 1338.

### III. Discussion

#### A. Plaintiff requires Court Leave to Amend

Defendants filed and served a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure on October 17, 2018. (ECF No. 15.) Under Rule 15(a)(1), plaintiff's right to amend once as a matter of course terminated 21 days after service of defendants' motion under Rule 12(b)(6). See also Fed. R. Civ. P. 15, Advisory Committee's Note to the 2009 Amendments ("The right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)."). Because defendants oppose amendment of the complaint, plaintiff requires leave of court to file an amended complaint. See Fed. R. Civ. P. 15(a)(2).

#### B. Proposed Claims against New Defendants

Plaintiff seeks to add the proposed new claims against defendants Pahl, Mattison, Bates, Clark, and Panasyuk for taking plaintiff's property at the jail, including his walking boot, without giving him a receipt, and then forcing him to stand without it "even after they had already searched [the boot]." (ECF No. 93, ¶ 25.) Plaintiff seeks to add claims against Defendant Espejo for "voluntarily [not doing] a tuberculosis test on the plaintiff" in deliberate indifference to plaintiff's safety. (Id.)

Plaintiff's proposed new claims against defendants Pahl, Mattison, Bates, Clark, Panasyuk, and Espejo are based on the same or similar facts as those for which plaintiff previously sought, by motion filed on January 21, 2020, to add to this case through his second motion to amend the complaint.[3] (See ECF No. 52 at 3.) Plaintiff appealed the denial of that

---

[3] Plaintiff's first motion to amend the complaint was filed on August 12, 2019. (ECF Nos. 33, 34.) It was denied on October 26, 2019. (See ECF Nos. 41, 45.)

motion to amend, and the Ninth Circuit held there was no abuse of discretion because "Alston did not demonstrate that he had been diligent in seeking his second motion to amend." (See ECF No. 88 at 8.)

Granting leave to amend to add these claims would be futile. Plaintiff's property allegations do not constitute a violation of the procedural requirements of the Fourteenth Amendment's Due Process Clause where, as here, "a meaningful postdeprivation remedy for the loss [was] available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff's proposed complaint also fails to adequately allege facts showing that his need for a walking boot and need for a tuberculosis test rose to the level of serious medical needs, such that a failure to treat the condition could result in a further significant injury or the unnecessary and wanton infliction of pain. See Russell v. Lumitap, 31 F.4th 729, 739 (9th Cir. 2022) (citation omitted). Having failed to allege an underlying constitutional violation on these facts, plaintiff also does not state a claim under the Bane Act based on these alleged deprivations. See Williamson v. City of National City, 23 F.4th 1146, 1155 (9th Cir. 2022).

Moreover, plaintiff does not show he has been diligent in seeking to add the proposed new claims against defendants Pahl, Mattison, Bates, Clark, Panasyuk, and Espejo. The scheduling order dated December 10, 2019, ordered "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." (ECF No. 46 at 2.) Except to state in conclusory fashion that these claims are based on information learned after the filing of the complaint, plaintiff does not address his diligence, which is the primary consideration for the good cause standard required to amend a pleading after the pretrial scheduling order's deadline. See Fed. R. Civ. P. 16(b)(4); Johnson, 975 F.2d at 609. Because granting leave to amend to add these claims would be futile, and because plaintiff has not shown diligence in seeking to add them, the undersigned will recommend that leave to amend be denied as to proposed new claims against defendants Pahl, Mattison, Bates, Clark, Panasyuk, and Espejo.

////

////

////

### C. Proposed Claims against the Current Defendants

#### 1. Ball and Madriago

Pertaining to the alleged acts and omissions of Ball and Madriago in transporting plaintiff, plaintiff seeks to add claims under the Fourth and Fourteenth Amendments and under the Bane Act. The Ninth Circuit held that plaintiff's claims for negligence against these defendants, which are based on the same or similar facts, were dismissed in error. Plaintiff was not granted a prior opportunity to amend. Given this procedural posture, plaintiff has acted with reasonable diligence in seeking to amend to add claims based on the same or similar facts.

Specifically, plaintiff seeks to add claims against defendants Ball and Madriago under the Fourteenth Amendment for transporting him in the patrol car in an alleged unsafe and illegal manner, without a seatbelt, and against Ball for excessive force for allegedly braking hard on purpose and causing plaintiff to continuously hit his head. (ECF No. 93, ¶¶ 34, 42.) Considering the Foman factors, defendants have been on notice of the basic facts underlying these proposed new claims since the filing of the original complaint. Defendants do not show they will suffer any prejudice if plaintiff is granted leave to amend to add these claims. Defendants have taken no discovery and plaintiff's negligence claims based on the same facts have yet to proceed beyond the pleading stage. Granting leave to amend to add these claims will not cause substantial delay or a separate re-opening of discovery as the court will be issuing a further scheduling order for plaintiff's negligence claims against these defendants. Finding good cause, the undersigned will recommend plaintiff be granted leave to amend the complaint to add claims for excessive force and failure to protect, respectively, under the Fourth[4] and Fourteenth[5] Amendments against Ball, and for failure to protect under the Fourteenth Amendment against Madriago.

---

[4] The undersigned liberally construes the complaint's allegations to find plaintiff has adequately alleged that Ball indirectly applied an objectively unreasonable amount of force when allegedly braking hard on purpose while plaintiff was handcuffed and unrestrained by a seatbelt, causing plaintiff to continuously hit his head.

[5] See, e.g., Rich v. Ahern, No. 18-CV-06267-EMC, 2019 WL 2744831, at *2 (N.D. Cal. July 1, 2019) (allegations of a pretrial detainee being transported in a motor vehicle without seatbelts in combination with other allegations that show a high degree of risk, such as reckless driving by the operator, may state a cognizable claim under the Fourteenth Amendment).

### 2. County of Sacramento

Plaintiff's proposed ADA claim against the County of Sacramento is based on the alleged deprivation of his walking boot. (See ECF No. 93, ¶¶ 38- 39, 47.) Granting leave to amend for this claim would be futile. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA), provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Here, plaintiff alleges he was excluded from participation in "going to jail in a legal manner for the walking boot" and "being able to have the service of getting dressed with his equipment[.]" (ECF No. 93 at ¶ 47.) Assuming for purposes of this motion that plaintiff suffers from a disability for purposes of the ADA, these allegations do not identify a particular "service[], program[], or activit[y]" from which plaintiff was excluded during his overnight stay in the County jail. Cohen v. City of Culver City, 754 F.3d 690, 694 (9th Cir. 2014) (quoting 42 U.S.C. § 12132.) Plaintiff also does not allege "how the accommodation[ ] offered by [the County jail]," in this case a wheelchair, was "not reasonable." Memmer v. Marin Cnty. Courts, 169 F.3d 630, 634 (9th Cir. 1999).

Moreover, plaintiff already asserted an unsuccessful claim under the ADA against the County of Sacramento in this suit on a slightly different theory involving a wrist brace and knee brace. (ECF No. 1, ¶¶ 62, 65.) Plaintiff's original ADA claim against the County of Sacramento was dismissed with prejudice on May 31, 2019. (ECF No. 23.) The Ninth Circuit affirmed the dismissal of this claim. (See ECF No. 88 at 5-6.)

8

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). Here, plaintiff does not explain his failure to develop his contentions previously for the proposed new ADA claim based on the alleged deprivation of his walking boot. Plaintiff knew or should have known about the facts underlying this claim when he filed his original complaint. Therefore, the current requested amendment goes against principles of finality. See Matter of Beverly Hills Bancorp, 752 F.2d at 1338. Under these circumstances, leave to amend to add plaintiff's proposed new ADA claim should be denied. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (in evaluating undue delay, a court looks at the timeliness of the motion under the Rule 16 scheduling order and whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading).

The undersigned will recommend that plaintiff be granted leave to amend to add a Bane Act claim against the County of Sacramento. As noted earlier, having failed to allege an underlying constitutional violation based on the deprivation of the walking boot, plaintiff does not state a related claim under the Bane Act based on that alleged deprivation. See Williamson, 23 F.4th at 1155. However, the undersigned will recommend that plaintiff be granted leave to amend to add his proposed Bane Act claim against the County of Sacramento based on the alleged manner of transport by Ball and Madriago.

**IV.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.     The hearing noticed by plaintiff to take place on June 14, 2023, is vacated.

2.     The Clerk of the Court is directed to update the docket to reflect that defendants Ball, Madriago, Riviera, and the County of Sacramento are no longer terminated from this case following the Ninth Circuit's mandate on March 30, 2023.

In addition, IT IS HEREBY RECOMMENDED as follows:

1.     Plaintiff's motion to amend (ECF No. 94) be granted in part, to the extent that plaintiff be granted leave to amend the complaint to add only following claims: (a) under the

9

Fourth Amendment for unreasonable seizure/excessive force against defendant Ball, (b) under the Fourteenth Amendment for failure to protect against Ball and Madriago, and (c) under the Bane Act against defendants Ball, Madriago, and the County of Sacramento.

      2.      Plaintiff be granted 30 days from any order adopting these findings and recommendations to file a first amended complaint adding only the claims set forth above.

      3.      In all other respects, the motion to amend be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 7, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Alston18cv2420.r15.fr