1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC ANTHONY ALSTON, JR.,              No.  2:18-cv-02420 TLN CKD (PS)

12              Plaintiff,

13         v.                                ORDER

14    COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17         Plaintiff proceeds without counsel under 42 U.S.C. § 1983 and this matter is before the

18    undersigned pursuant to Local Rule 302(c)(21). Before the court is defendant Rivera's[1] motion to

19    sever the claims against him under Rule 21 of the Federal Rules of Civil Procedure. (ECF No.

20    105.) Plaintiff has not opposed the motion or filed a statement of non-opposition.[2] For the reasons

21    set forth below, the court vacates the hearing noticed to take place on August 30, 2023, and

22    denies the motion without prejudice.

23    _____

24    [1] Defendant appears as Deputy Brandon Rivera (sued as "Riviera"). Good cause appearing, the
      docket will be amended to reflect the correct spelling of defendant's name.

25
26    [2] The court construes plaintiff's omission of a timely opposition as a non-opposition. See E.D.
      Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be
27    filed and served not less than fourteen (14) days after the motion was filed."). "A responding
      party who has no opposition to the granting of a motion shall serve and file a statement to that
      effect. Id. "No party will be entitled to be heard in opposition to a motion at oral arguments if
28    opposition to the motion has not been timely filed by that party." Id.

                                             1

## I.    Background

Plaintiff filed the operative first amended complaint on July 5, 2023. (ECF No. 103.) As alleged in the first amended complaint, plaintiff was arrested by Sacramento County Sheriff's Deputies on November 21, 2017. While defendants Ball and Madriago were transporting plaintiff, Ball allegedly braked hard on purpose, causing plaintiff to repeatedly hit his head. Pertaining to his transport after arrest, plaintiff proceeds with claims for excessive force, failure to protect, Bane Act, and negligence.

After plaintiff arrived at the jail, he was allegedly thrown from a wheelchair by staff at defendant Rivera's direction. Based on this alleged incident, plaintiff proceeds with claims for excessive force, Bane Act, battery, and negligence against defendant Rivera.

Defendant Rivera filed the instant motion on July 14, 2023, under Rule 21 of the Federal Rules of Civil Procedure. (ECF No. 105.) Rivera seeks an order severing the action against him and allowing the claims against him to proceed in a separate action.

## II.    Standard

Upon finding misjoinder of parties, "the court may at any time… sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, defendants may be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and... any questions of law or fact common to all defendants will arise in the action."

Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg. Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Even if the parties were properly joined, the district court may order separate trials as a protective measure to avoid "embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P.

20(b). Separately, under Rule 42 of the Federal Rules of Civil Procedure, the court may order a separate trial of one or more issues or claims for "convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b).

### III. Discussion

The court first considers whether the parties were properly joined. Rule 20 of the Federal Rules of Civil Procedure sets forth two specific requirements for permissive joinder, as follows: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

The Rule 20 requirements are satisfied. Plaintiff's claims against all defendants arose out of the same series of occurrences, which included plaintiff's arrest on November 21, 2017, transport, arrival at the jail, and intake at the jail upon arrival. In addition, common questions of fact and law arise as to all parties. At a minimum, common legal questions pertaining to plaintiff's constitutional claims, negligence claims, and claims under California's Bane Act permit joinder of the parties. See Wilkins v. Macomber, No. 2:16-CV-0475-TLN-DMC-P, 2022 WL 428963, at *2 (E.D. Cal. Feb. 11, 2022) (collecting cases and finding "commonality under Rule 20 is not a particularly stringent test.").

In requesting the court to sever the claims against him, defendant Rivera asks the court to consider, additionally, (1) whether settlement of the claims or judicial economy would be facilitated, (2) whether prejudice would be avoided if severance were granted, and (3) whether different witnesses and documentary proof are required for the separate claims. Considering these factors, the court finds they do not favor severing the action against defendant Rivera as a matter of the court's discretion. Considering the procedural posture of this case, it would not be convenient, expeditious, or economical to proceed on separate actions for plaintiff's remaining claims, which are not legally or factually complex. Defendant Rivera does not argue any prejudice related to discovery, dispositive motions, or other pre-trial preparations. Although it

appears any risk of prejudice due to jury confusion or conflation of issues at trial is purely
speculative, the denial of this motion is without prejudice to a motion for separate trials made to
the presiding judge at an appropriate time. See Fed. R. Civ. P. 20(b), 42(b).

**IV.   Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     The Clerk of the Court is directed to amend the docket to reflect the correct
spelling of defendant Rivera's name.

2.     The August 30, 2023, hearing on defendant Rivera's motion to sever the action
against him is vacated.

3.     Defendant Rivera's motion to sever the action against him under Rule 21 of the
Federal Rules of Civil Procedure (ECF No. 105) is denied without prejudice.

Dated:  August 11, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Alston18cv2420.r21

4